## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIH OTHMAN KAFINEH, a U.S. Citizen, | |
| 3808 Kinross Dr<br>Birmingham AL 35242 | Case No. 1:19-cv-135 |
| and | |
| AMANI TALEB SALEH, his spouse, | |
| Alsawyah, Nablus, West Bank<br>Palestinian Territories | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel<br>Department of Homeland Security<br>Mail Stop 3650<br>Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>Services<br>425 I. Street, N.W., Room 6100<br>Washington, D.C. 20536 | |
| UNITED STATES DEPARTMENT OF<br>STATE, | |
| Serve:  Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522 | |
| EMBASSY OF THE UNITED STATES,<br>TEL AVIV, ISRAEL, | |

1

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the United
States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary of
State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

DAVID M. FRIEDMAN, Ambassador of the
United States at the U.S. Embassy, Tel Aviv, Israel,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

    Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

COME NOW Plaintiffs Samih Kafineh, and his spouse Amani Talib Saleh to respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' immigrant visa application, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed immigrant visa application.

## PARTIES

1. Plaintiff Samih Othman Kafineh ("Samih") is a citizen of the United States.

2. Plaintiff Amani Saleh ("Amani") is a citizen of Palestine.  Amani currently resides in Nablus, Palestine.

3. Under federal immigration law, a U.S. citizen is eligible to file an immigrant visa petition for their immediate relatives, including their spouses.

4. Amani is an immediate relative immigrant visa applicant through her United States Citizen spouse, Samih.

5. Amani is a citizen of Palestine.

6. Samih filed an immigrant visa petition for his spouse with the USCIS on December 31, 2014.

7. The USCIS purportedly approved that visa petition on March 7, 2018 and allegedly forwarded the approved petition to the National Visa Center (hereinafter sometimes referred to as the "NVC"), a division of the DOS, for additional processing.

8. Amani filed Form DS-260, Application for Immigrant Visa and Alien Registration.

9. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

10. Amani received an interview letter from the Department of State for April 5, 2016 at 8:15 a.m.

Since that time, her case has remained pending.  The Defendants have refused to issue an immigrant visa to Amani.

11. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

12. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file immigrant visa applications.

13. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in West Bank, Palestine, and which is responsible for implementing the immigrant visa provisions of the law.

14. Defendant Embassy of the United States in Tel Aviv, Israel (hereinafter sometimes referred to as "the U.S. Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant visa provisions of the law.

15. Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

16. Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the

4

USCIS.  Cissna is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

17. Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

18. Defendant David Friedman is the Ambassador of the Embassy of the United States in Israel. Friedman is being sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

19.  This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

20.  Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

21. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Amani's visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

22. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

23. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

24. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

25. The DOS Consular Electronic Application Center claims that Amani's visa application is currently ready for an interview.

26. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

27. Upon information and belief, Plaintiffs allege that the DOS is and has been complicit in the delay in processing Amani's visa application.

28. Plaintiffs allege that Amani's application has been pending beyond a reasonable time period for completing administrative processing of her visa application.

29. The combined delay and failure to act on Amani's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

30.  There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

31. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS, the State Department and the National Visa Center.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

32.  Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

33. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

34. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

35. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Samih Othman Kafineh and Amani Saleh request the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly adjudicate Amani's immigrant visa application within sixty days;

3.   That this Honorable Court take jurisdiction of this matter and adjudicate Amani's immigrant visa pursuant to this Court's declaratory judgment authority;

4.   That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Amani;

5.   That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

6.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.   Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
this 21st day of January, 2019


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**